**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

**MICHELLE GUTHRIE,**

                                  Case No.:1:24-cv-00069

       Plaintiff,

vs.

**BOBBY MCCALLUM, SHERIFF, LEVY COUNTY**
**FLORIDA,** in his Official Capacity,
and Levy County Sheriff Deputies
**DEPUTY SAM QUINCEY;** and
**DEPUTY GERARD WILLIAMS,**
each in their Individual Capacities,

       Defendants.

_____/

**<u>AMENDED CIVIL RIGHTS COMPLAINT</u>**
**<u>AND DEMAND FOR JURY TRIAL</u>**

Plaintiff, **MICHELLE GUTHRIE,** by and through the undersigned

attorneys, sues Defendants, **BOBBY MCCALLUM, SHERIFF, LEVY**

**COUNTY FLORIDA,** in his Official Capacity, and Levy County Sheriff Deputies

**DEPUTY SAM QUINCEY** and **DEPUTY GERARD WILLIAMS,** each and all

in their Individual Capacities, amends her initial complaint as a matter of right,

and hereby alleges as follows:

**<u>INTRODUCTION</u>**

1. This is an action for violations of Plaintiff's rights by all Defendants as

respectively pleaded under the First, Fourth, and Fourteenth Amendments of the

United States Constitution, to practice freedom of speech activities including

photography and videography, both as rights of free expression guaranteed under the First Amendment as incorporated to the several states by the Fourteenth Amendment, as well as the right to be free from unlawful search, arrest and detention guaranteed under the Fourth Amendment and further so incorporated to the several states by the Fourteenth Amendment. Plaintiff seeks damages, as well as attorney's fees and costs.

2.     This action is brought by Plaintiff, a citizen of the United States, and Levy County, Florida, who was the victim of an improper search and seizure of her person, without justification or excuse, and interference with and denial of her rights to free speech and expression by denial of and interference with her right to video record police action in a public place which enjoys no right of privacy, and the unlawful warrantless seizure of her recording device (her phone).

## **JURISDICTION AND VENUE**

3.   This action arises under 42 U.S.C. §§ 1983 & 1988, Jurisdiction is founded on 28 U.S.C. §§ 1331 & 1343.

4.     All incidents material to this action occurred in Levy County, Florida, and all Defendants "reside" in Levy County for venue determination purposes. Venue is therefore proper in the Gainesville Division of the Northern District of Florida pursuant to 28 U.S.C. § 1319(b), and the Local Rules of the Northern District of Florida.

**PARTIES**

5.      Plaintiff, Michelle Guthrie, is an adult citizen of the United States and was a resident of Levy County, Florida during all relevant times of this action.

6.      Defendant, **BOBBY MCCALLUM, SHERIFF, LEVY COUNTY FLORIDA,** in his Official Capacity (hereinafter simply ("MCCALLUM"), is and at all times relevant was the Sheriff of the County of Levy, Florida, a Florida constitutionally created law enforcement agency and office, which is not an agency of the State of Florida (herein after the "LCSO').

7.      At all times relevant, Defendant, **DEPUTY SAM QUINCEY** (hereafter "Quincey") was a deputy of and employed by the LCSO holding the rank of Deputy, and was at all times relevant a certified law enforcement officer.

8.      At all times relevant, Defendant, **DEPUTY GERARD WILLIAMS** (hereafter "Williams") was a deputy of and employed by the LCSO holding the rank of Deputy, and was at all times relevant a certified law enforcement officer.

**FACTUAL ALLEGATIONS**

9.      On or about February 13, 2023, Plaintiff and her boyfriend John P. Reeve, a non-party to this action, were traveling down the public highways of Levy County with Plaintiff as a passenger in the vehicle and Reeve driving it. Plaintiff and Reeve have several minor children together and their several minor children were also present in the vehicle.

10.     At that time and place the vehicle which Plaintiff was traveling in was stopped for a routine traffic stop by LCSO Deputy Williams, who was later

assisted in such traffic stop by Deputy Quincey who arrived after the traffic stop was underway.

11.     During and before said traffic stop commenced, and in anticipation for it, Plaintiff began recording the events as they occurred in real time on her phone.  Deputy Williams was aware of her recording from early in the stop.

12.     During said traffic stop Reeve was arrested.  The facts of why he was arrested are not relevant for this action but it was unrelated to the purpose for the stop.

13.     When Reeve was placed under arrest he was removed from the vehicle and placed in the police vehicle of Williams, at which time Plaintiff entered the driver's seat of their vehicle so as to drive her and the children home.

14.     It was at this time, after Reeve was arrested, that Deputy Quincey arrived on scene.

15.     After Quincey arrived on scene, for no valid purpose whatsoever, Williams told Quincey "watch this" and then, enlisting the aid of Quincey, the two officers approached Plaintiff in the driver's seat of her vehicle and demanded that she surrender her phone (upon which all recordings had been made) to them.

16.     Plaintiff refused to surrender her phone initially because she had no legal obligation to surrender her phone and she had a constitutionally protected civil right to record Williams, Quincey or any police conduct that occurs in public.

17.     Upon her refusal to surrender the phone Williams physically began to arrest Plaintiff and drag her violently out of the vehicle, while he physically

seized the phone.

18.    Upon the commencement of her arrest, although she had no obligation to, Plaintiff offered to surrender the phone to Williams out of pure fear. But at that point he refused to discontinue the arrest.

19.    Williams then seized the phone while Quincey assisted him, and Williams attempted to access its video.

20.    Williams and Quincey then kept Plaintiff handcuffed on the highway for several minutes, while they mocked her and while her children screamed, as they debated with Plaintiff the justification for Reeve's arrest which was completely irrelevant to the propriety of their actions toward her.  Their discourse at all times would be considered to be unprofessional.

21.    Why police officers would arrest someone for refusing to hand over their phone but then spend several minutes debating the merits of the arrest of Reeve is perplexing.  However during this improper banter Williams told Plaintiff that it was her "mouth that got her into this trouble."

22.    Deputy Williams then argued with Plaintiff that her refusal to hand over her phone at their request constituted resisting arrest.

23.    Such is a nonsensical argument legally and factually.

24.    At some point during the arrest and detention of Plaintiff the officers came to realize that their behavior and comments were being recorded by their own cameras (although the officers muted their microphone at various points in the interaction) and they came to appreciate that such video recordings would not

reflect favorably on their conduct if made public.

25.   Such deputies no doubt came to realize that their conduct was reprehensible throughout the stop in various ways.

26.   Accordingly, the deputies decided to release Plaintiff and let her go, but only after making implicit threats that if she posted any of the video she took to social media that she would be subject to retribution with "bad things happening to her", and her children subject to seizure by the Florida Department of Children and Families. In the end, they had the audacity to suggest it was her "lucky day" that she was being released.

27.   Williams further told Plaintiff that he didn't like how she was looking at him (after her being abused for some ten minutes) and that if she "want[ed] to be a smart ass" he could "hook her up again," meaning place her back in handcuffs and re-arrest her.

28.   Deputy Quincey then reminded Plaintiff that when a officer tells her something to do - like hand over her phone - she has to do it or she is guilty of resisting arrest. This is an incorrect statement of fact or law.

### COUNT I - 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT WILLIAMS, IN HIS INDIVIDUAL CAPACITY

29.   Plaintiff realleges paragraphs 1 through 28, *supra*.

30.   Defendant Williams, by his actions alleged above, in arresting and detaining Plaintiff *de facto* because Plaintiff was video recording his actions and the actions of others in public, and in instigating his detention and interrogation

*de facto* in punishment for Plaintiff making a video recording of him and of public places, and to dissuade and discourage Plaintiff from making video recordings of himself and other public places and police officers in the future, knowingly without justification or probable cause, and based upon false and fabricated justifications invalid under law, effected an unreasonable seizure and arrest of Plaintiff, that caused Plaintiff personal injury, as well as mental pain and suffering, in violation of the First, Fourth and Fourteenth Amendments to the United States Constitution, and same is actionable under 42 U.S.C. § 1983. Such actions violated:

A.    The First Amendment because Plaintiff was recording the police in the performance of their official duties in public while she was not under arrest or justified basis to be prevented from doing so, a right she has under the First Amendment, and

B.    The Fourth Amendment because Plaintiff was detained and de facto arrested and taken into custody - even if later released - based upon arbitrary grounds with no probable cause or even reasonable suspicion of committing a crime; therefore the detention and arrest rises to the level of a Fourth Amendment improper warrantless seizure.

31.    As a result of said Defendant's conduct including intentional and malicious conduct respecting Plaintiff, Plaintiff has suffered and continues to suffer physical injuries and pain and suffering, medical expenses, psychological

injuries consisting of mental pain and anguish, humiliation, shame, and public ridicule, as well as suffered inconvenience, discomfort, and financial expense by his actions alleged above.

32. Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable fee, and is entitled to collect that fee from Defendant pursuant to 42 U.S.C. § 1988 if she is the prevailing party. A reasonable fee for the undersigned considering the nature of this case and his experience is no less than $475 per hour.

**WHEREFORE**, Plaintiff demands judgment against Defendant Williams for compensatory damages, punitive damages, court costs, attorneys fees, and all other relief the Court finds just and proper.

## COUNT II - 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT QUINCEY, IN HIS INDIVIDUAL CAPACITY

33. Plaintiff realleges paragraphs 1 through 28, *supra*.

34. Defendant Quincey, by his actions alleged above, in arresting and detaining Plaintiff *de facto* because Plaintiff was video recording his actions and the actions of others in public, and in instigating his detention and interrogation *de facto* in punishment for Plaintiff making a video recording of him and of public places, and to dissuade and discourage Plaintiff from making video recordings of himself and other public places and police officers in the future, knowingly without justification or probable cause, and based upon false and fabricated justifications invalid under law, effected an unreasonable seizure and arrest of

Plaintiff, that caused Plaintiff personal injury, as well as mental pain and suffering, in violation of the First, Fourth and Fourteenth Amendments to the United States Constitution, and same is actionable under 42 U.S.C. § 1983. Such actions violated:

A.    The First Amendment because Plaintiff was recording the police in the performance of their official duties in public while she was not under arrest or justified basis to be prevented from doing so, a right she has under the First Amendment, and

B.    The Fourth Amendment because Plaintiff was detained and de facto arrested and taken into custody - even if later released - based upon arbitrary grounds with no probable cause or even reasonable suspicion of committing a crime; therefore the detention and arrest rises to the level of a Fourth Amendment improper warrantless seizure.

35.    As a result of said Defendant's conduct including intentional and malicious conduct respecting Plaintiff, Plaintiff has suffered and continues to suffer physical injuries and pain and suffering, medical expenses, psychological injuries consisting of mental pain and anguish, humiliation, shame, and public ridicule, as well as suffered inconvenience, discomfort, and financial expense by his actions alleged above.

36.    Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable fee, and is entitled to collect that fee from Defendant

pursuant to 42 U.S.C. § 1988 if she is the prevailing party.  A reasonable fee for the undersigned considering the nature of this case and his experience is no less than $475 per hour.

**WHEREFORE**, Plaintiff demands judgment against Defendant Quincey for compensatory damages, punitive damages, court costs, attorneys fees, and all other relief the Court finds just and proper.

### COUNT III - 42 U.S.C. § 1983 CLAIM AGAINST BOBBY MCCALLUM, SHERIFF, LEVY COUNTY FLORIDA, IN HIS OFFICIAL CAPACITY

37.   Plaintiff realleges paragraphs 1 through 28 and 30 and 34, *supra*.

38.   Defendant McCallum and the LCSO either lacked or utilized policies, customs and practices which lead to the Constitutional violations outlined in this complaint, and caused Plaintiff's injuries, all in violation of the First, Fourth and Fourteenth Amendments to the United States Constitution, and same is actionable under 42 U.S.C. § 1983.

39.   At all times relevant, Defendant MCCallum and the LCSO  was aware or should have been aware of the need to train officers, such as all the individually named Defendants, so that those officers followed a policy and process of making Constitutionally-sound detentions of persons consistent with Fourth Amendment principles, and of having Constitutionally-sound interactions with, and detentions of, citizens, such as Plaintiff, that do not trample their First Amendment rights.

40.   Defendant McCallum and the LCSO lacked proper and sufficient

policies and/or processes to train officers in this regard as to the rights of citizens to be free from unreasonable searches and seizures of their persons, and to be able to video record the public and police officers in public places, and the lack of such training policies and processes or programs was inadequate to protect the rights of citizens, like Plaintiff, by the officers who are intended to protect them from violations of their First and Fourth Amendment rights.

41.    Indeed, the failures of Defendant McCallum and the LCSO as to such training policies and processes and programs were sufficiently deliberately indifferent to the rights of citizens that it's deliberate indifference was it's official policy.

42.    Had any of such proper training policies been implemented and processes been done by Defendant McCallum and the LCSO prior to the stop, arrest and detention of Plaintiff by the deputies, the violation of Plaintiff's Constitutional rights would not have occurred.

43.    As a result of Defendant McCallum and the LCSO's improper policies, customs, and/or practices, and failure to supervise and train its deputies, and specifically those deputies named as Defendants herein, Plaintiff has suffered physical injuries to her person, and suffered and continues to suffer permanent psychological injuries consisting of mental pain and anguish, humiliation, shame, and public ridicule, as well as suffered inconvenience, discomfort, and financial expense, and incurred medical expenses as expenses and losses related to the physical damages to her home.

44.     Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable fee, and is entitled to collect that fee from Defendant pursuant to in 42 U.S.C. § 1988 if he is the prevailing party.  A reasonable fee for the undersigned considering the nature of this case and his experience is no less than $475 per hour.

**WHEREFORE**, Plaintiff demands judgment against Defendant BOBBY MCCALLUM, SHERIFF, LEVY COUNTY FLORIDA, IN HIS OFFICIAL CAPACITY, for compensatory damages, court costs, attorneys fees, and all other relief the Court finds just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all matters so triable.

**ALL FLORIDA JUSTICE, LLC**

**Donald E. Pinaud, Jr.**
Trial / Lead Counsel
Fla. Bar No.: 111694
4530 St. Johns Avenue
Suite 15-202
Jacksonville, Florida 32210
(904)552-5500
(904)467-3500 - Fax
AllFloridaJustice.com
Don@AFJ.law
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed a true and correct copy of the foregoing with the clerk of court's ECM/ECF electronic filing system on this 26 day of May, 2024, which system will send copies via email to all parties of record.

**ALL FLORIDA JUSTICE, LLC**

_____

**Donald E. Pinaud, Jr.**
Trial / Lead Counsel
Fla. Bar No.: 111694
4530 St. Johns Avenue
Suite 15-202
Jacksonville, Florida 32210
(904)552-5500
(904)467-3500 - Fax
AllFloridaJustice.com
Don@AFJ.law
Attorneys for Plaintiff