## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**MICHELLE GUTHRIE,**

     **Plaintiff,**

**v.**                                    **Case No.: 1:24-cv-00069-MW/MAF**

**BOBBY MCCALLUM, SHERIFF,**
**LEVY COUNTY, FLORIDA,**
**in his Official Capacity, and**
**Levy County Sheriff Deputies**
**DEPUTY SAM QUINCEY; and**
**DEPUTY GERARD WILLIAMS,**
**each in their Individual Capacities,**

     **Defendants.**
_____/

## DEFENDANTS QUINCEY AND WILLIAMS' MOTION TO DISMISS AMENDED COMPLAINT

Defendants, **DEPUTY SAM QUINCEY**, and **DEPUTY GERARD WILLIAMS**, (collectively, "Individual Defendants"), in their respective individual capacities, through undersigned counsel and pursuant to N.D. Fla. Loc. R. 7.1, Fed. R. Civ. P. 8(a) and 10(b), and the Court's inherent authority to control its docket, move to dismiss the claims against them, and in support, state:

1.     On September 14, 2023, Plaintiff initiated an action against Defendants and other individuals in relation to two separate incidents involving law enforcement officers of the Levy County Sheriff's Office. *See* United States District Court for the Northern District of Florida, Court Case Number 1:23-cv-00238-MW-MAF, ECF 1.

2.      The Individual Defendants moved to dismiss the claims against them, or, in the alternative, to sever the action with respect to the two separate incidents. Case No. 1:23-cv-00238-MW-MAF, ECF 15.

3.      The Motion was granted with respect to the Individual Defendants' Motion to Sever, leading to the instant suit. *See* ECF 1.

4.      Plaintiff filed her Civil Rights Complaint and Demand for Jury Trial on May 3, 2024. ECF 2.

5.      The Individual Defendants moved to dismiss the claims against them, arguing that the Complaint was an impermissible shotgun pleading and the claims against them were a hodge-podge of multiple distinct causes of action. ECF 6.

6.      On May 25, 2024, Plaintiff filed an Amended Civil Rights Complaint and Demand for Jury Trial. ECF 8.

7.      The Amended Complaint, unlike the initial Complaint, includes references to the constitutional rights which form the bases for Plaintiff's § 1983 claims.

8.      Plaintiff failed to separate each distinct cause of action into a separate count. Accordingly, Plaintiff's Amended Complaint violates the Federal Rules of Civil Procedure, and is subject to dismissal.

## <u>MEMORANDUM OF LAW</u>

In addition to Fed. R. Civ. P. 12(b)(6)[1], a district court has the inherent authority to dismiss a complaint for failure to comply with Rule 8(a)(2) or Rule 10(b), Federal Rules of Civil Procedure. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Complaints that violate these Rules are typically called "shotgun pleadings." *Id.* "Besides violating the rules, shotgun pleadings also waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts … [the Eleventh Circuit has] little tolerance for them." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (*citing Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018)).

In *Weiland*, the Court identified four types of "shotgun pleadings": (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does not separate into a different count each cause of action or claim for relief; and (4) a complaint which asserts

---

[1] A court may also dismiss a claim for the "failure to state a claim upon which relief can be granted." *Fed. R. Civ. P.* 12(b)(6).

multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions. 792 F.3d at 1321-23.

The Amended Complaint clearly qualifies as the third type of "shotgun pleading." Plaintiff only brings a single claim against each Individual Defendant: Count I against Deputy Williams and Count II against Deputy Quincey. ECF 8. Both claims are titled "42 U.S.C. § 1983." Id. Of course, section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Within each count, Plaintiff cites both the First Amendment and the Fourth Amendment. Claims arising under the First and Fourth Amendment are, of course, distinct causes of action. *See Williams v. Chronister*, No. 8:23-CV-1759-TPB-AAS, 2023 WL 5432459, at *2 (M.D. Fla. Aug. 23, 2023) ("[C]laims under various constitutional theories must be pleaded in separate claims…"). And while Plaintiff's Fourth Amendment claims appear to be based on an alleged unlawful detention, Plaintiff does not specify what claim she intends to bring under the First Amendment.

Rule 10(b) requires that "each claim founded on a separate transaction or occurrence…must be stated in a separate count or defense." Moreover, "[a]lthough Rule 8 allows a single claim to be stated in the alternative, it does not allow multiple distinct claims to be amassed into a single undifferentiated count." *Marlborough Holdings Grp., Ltd. v. Azimut-Benetti, Spa, Platinum Yacht Collection No. Two, Inc.*,

505 Fed. Appx. 899, 907 (11th Cir. 2013). Because Plaintiff attempts to assert within a single count a Fourth Amendment claim and some variation of a First Amendment claim, the Amended Complaint is a "shotgun pleading" in violation of Rules 8(a) and 10(b) and is due to be dismissed.

## CONCLUSION

WHEREFORE, for the foregoing reasons, pursuant to Rules 8(a) and 10(b), Federal Rules of Civil Procedure, and this Court's inherent authority, Defendants, Deputy Sam Quincey and Deputy Gerard Williams, respectfully request this Court grant the instant motion, dismiss the Amended Complaint, and grant such other relief it deems just and proper.

Dated this 10th day of June 2024.

Respectfully submitted,

*/s/ Christen A. Petruzzelli*
**CHRISTEN ANN PETRUZZELLI**
Florida Bar Number: 1039528
cpetruzzelli@sniffenlaw.com
**MICHAEL P. SPELLMAN**
Florida Bar No. 0937975
Email: mspellman@sniffenlaw.com
**MATTHEW J. CARSON**
Florida Bar No. 0827711
E-mail: mcarson@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Attorneys for Defendants*
*Quincey and Williams*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of June 2024, a true and correct copy of the foregoing was electronically filed in the United States District Court for the Northern District of Florida using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ Christen A. Petruzzelli*
**CHRISTEN ANN PETRUZZELLI**

6